No. 81-285

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

AUDIT SERVICES INC.,
a Montana Corporation,

Plaintiff and Appellant,

vs.

CLARK BROTHERS CONTRACTORS,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Ravalli
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Cure and Borer, Great Falls, Montana
Maxon R. Davis argued, Great Falls, Montana

For Respondent:

Poore, Roth, Robischon & Robinson, Butte, Montana
Donald C. Robinson argued, Butte, Montana

---

Submitted: March 2, 1982

Decided: May 27, 1982

Filed: MAY 27 1982

Thomas G. Kearney

_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Audit Services, Inc., assignee of the claims of certain employee benefit trust funds, brought an action against Clark Brothers Contractors in the Fourth Judicial District Court seeking to recover delinquent fringe benefit contributions, liquidated damages, interest, audit fees and attorney fees. Clark Brothers counterclaimed for a refund of contributions mistakenly made to certain of the trust funds. The District Court determined that Clark Brothers was entitled to a refund of the amounts mistakenly contributed, and Clark Brothers conceded that it owed Audit Services the amount claimed for delinquent contributions. After offsetting the amount Clark Brothers owed to Audit Services for delinquent contributions, the District Court awarded Clark Brothers $4,830.16 together with attorney fees. Audit Services appeals.

Clark Brothers is a Montana corporation engaged in construction work in Montana and neighboring states. During the period in dispute, Clark Brothers was bound by the terms of certain collective bargaining agreements which contained provisions requiring Clark Brothers, as an employer, to make specified fringe benefit contributions to employee benefit trust funds.

To insure that all employers were making full and proper contributions, the trustees of certain of the trust funds formed Audit Services, a nonprofit Montana corporation, which periodically audited the payroll records of employers who contributed to the trust funds. Audit Services was assigned the right to collect from those employers amounts owing to the trust funds.

The payroll records of Clark Brothers were audited in 1975. Based on this audit, Audit Services determined that

-2-

contributions were owing to certain of the trust funds for the period from November 1, 1970, through December 31, 1974. Audit Services filed suit against Clark Brothers in June 1975 seeking to recover the delinquent contributions. Subsequently it was discovered that a number of the claimed delinquencies were based on hours worked by supervisory personnel who were not covered by the collective bargaining agreements and for whom no contributions were required. The payroll records were reaudited adding the period from January 1, 1975, through December 31, 1976. Certain additional amounts were discovered to be owing to the trust funds for the additional years involved in the second audit but the unreported hours for the supervisory personnel were deleted from the number of hours for which contributions were claimed. Audit Services amended its complaint to make it consistent with the findings of the second audit. Clark Brothers counterclaimed for a refund of the contributions that had been mistakenly made to the trust funds.

Clark Brothers conceded in the pretrial order that it owed the amount claimed for delinquent contributions. However, the issue of the counterclaim remained unresolved and the case went to trial on March 7, 1980. The District Court determined that Clark Brothers was entitled to a refund of the contributions mistakenly made and after offsetting the amount that Clark Brothers owed to Audit Services, Clark Brothers was awarded $4,830.16 together with attorney fees. Audit Services appeals.

The following issues are raised in this appeal:

1. Whether the District Court properly held that Clark Brothers was entitled to an automatic refund of all contributions mistakenly made by it to the trust funds.

-3-

2.  Whether the District Court properly awarded Clark Brothers attorney fees.

3.  Whether the District Court properly awarded Clark Brothers a refund in excess of the amount needed to offset the amount in delinquent contributions owed by Clark Brothers to Audit Services, since Audit Services was merely an assignee of the trust funds.

We note first that state courts have concurrent jurisdiction with federal courts to hear cases such as this one brought under section 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. § 185(a)).  Dowd Box Co. v. Courtney (1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483.  In such cases the federal substantive law must be applied.  Teamsters Union v. Lucas Flour Co. (1962), 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593.

The first issue is whether the District Court properly determined that Clark Brothers was entitled to an automatic refund of all contributions mistakenly made to the trust funds.

In 1974 the Employee Retirement Income Security Act (ERISA) was enacted.  See 29 U.S.C. § 1001 (1976).  As originally enacted 29 U.S.C. § 1103(c)(2)(A) (1976) provided that the trust funds were not prohibited from returning contributions made by an employer by a mistake of fact when the request for a refund was made within one year after payment of the contribution.  This section was amended by the Multiemployer Pension Plan Amendments Act of 1980.  The general rule that assets of the plan shall not inure to the benefit of any employer was left intact.  29 U.S.C. § 1103(c)(1) (1976).  However, the exceptions were expanded and the portion relevant to this case provides as follows:

-4-

"(2)(A) In the case of a contribution . . .

". . .

"(ii) made by an employer to a multiemployer plan by a mistake of fact or law . . . paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake." Pub.L. No. 96-364, § 410(a), 94 Stat. 1308, amending 29 U.S.C. § 1103(c)(2) (1976).

The District Court determined that based on this amendment Clark Brothers was entitled to an automatic refund of the contributions it had mistakenly made since under the 1980 amendment refunds of contributions made by a mistake of law were no longer prohibited. Audit Services contends that the District Court erred in awarding Clark Brothers an automatic refund. We agree.

The statute as amended does not make recovery of mistaken payments automatic. E. M. Trucks, Inc. v. Central States, Etc. (D. Minn. 1981), 517 F.Supp. 1122. The language of the statute is permissive and the principles of equity must be considered when deciding whether a refund should be made. E. M. Trucks, Inc., supra. "[A] fund should not be required in all circumstances to return mistakenly made contributions for which timely application is made." E. M. Trucks, Inc., supra at 1125. The District Court erred in not considering the equities before awarding a refund of the contributions mistakenly made to the trust funds.

Because of our decision regarding this issue it is unnecessary to address the remaining two issues at this time.

The judgment of the District Court is vacated and the case is remanded for a new trial.

_Frank I. Haswell_
Chief Justice

-5-

We Concur:

_Frank B. Morrison_

_John Conway Harrison_

_John C. Sheehy_

_____
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 81-285

AUDIT SERVICES, INC.,

              Plaintiff and Appellant,

vs.

CLARK BROTHERS CONTRACTORS,

              Defendant and Respondent.

FILED

JUN 21 1982

Thomas J Ku

CLERK OF SUPREME COURT
STATE OF MONTANA

O R D E R

PER CURIAM:

By inadvertance the foregoing opinion was signed by Justice Frank B. Morrison, Jr., instead of Justice Gene B. Daly who sat on the case.

IT IS NOW ORDERED that the following page be substituted for the last page of said opinion to reflect the correct signatures thereon.

DATED this 21st day of June, 1982.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices