No. 86-509

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

AUDIT SERVICES, INC.,

          Plaintiff and Respondent,

    -vs-

GARY HOUSEMAN and GARY INGRAM,
d/b/a G & G HOUSING,

          Defendants and Appellants.

APPEAL FROM:  The District Court of the Fifth Judicial District,
            In and for the County of Jefferson,
            The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cok & Wheat; Michael E. Wheat, Bozeman, Montana

    For Respondent:

        Cure, Borer & Davis; Dennis Tighe, Great Falls,
        Montana

                  Submitted on Briefs:  Feb. 13, 1987

                        Decided:  May 15, 1987

Filed: MAY 15 1987

_Ethel M. Harrison_

————————————————————————————
                 Clerk

Mr. Chief Justice J.A. Turnage delivered the Opinion of the Court.

Defendants appeal the August 15, 1986, order entered by the Fifth Judicial District Court, County of Jefferson, granting summary judgment in favor of plaintiff. We affirm.

Defendants Gary Houseman and Gary Ingram are partners in G & G Housing, a small general contracting business located in Whitehall, Montana. Plaintiff Audit Services, Inc. is the assignee of claims allegedly owed to Montana Carpenters Trust and Montana Laborers A.G.C. Trust by G & G Housing.

In early 1982, plans were underway for the construction of the Golden Sunlight Mine project near Whitehall. Commonwealth Construction Company was hired as general contractor for the project. Commonwealth entered into an agreement with the Southwest Montana Building Trades Council which required union benefits to be paid for all subcontractors' employees working on the project. In April, 1982, Houseman attended a preconstruction meeting and discussed the various labor agreements with local union representatives.

G & G Housing was hired as a subcontractor on the project. On April 19, 1982, G & G Housing sent a letter of assent to Commonwealth agreeing to be bound by the terms of the project agreement. Houseman believed G & G Housing would be obligated to pay union benefits only for those G & G employees working on the Sunlight project. On behalf of G & G Housing, Ingram signed a compliance agreement with Carpenters Local Union No. 153 on April 27, 1982, and with Laborers Local Union No. 1334 on May 1, 1982. The compliance agreements provided that the employer agreed to be bound by the current and successive labor agreements including the union trust fund agreements. The carpenters' union compliance

2

agreement provided in bold print: "THIS IS NOT A ONE JOB AGREEMENT."

G & G Housing worked on the Sunlight project from April, 1982, until February, 1983. G & G Housing paid union benefits for all of its employees working on the Sunlight project for the duration of the job. Following completion of the project, an audit of G & G Housing's payroll records was conducted. Based on the audit results, the carpenters' and laborers' union trust fund auditor asserted a claim of $8,029 against G & G Housing for delinquent trust fund contributions.

G & G Housing's trust fund contributions were based upon its understanding that such contributions were necessary only for hours worked by its employees on the Sunlight project. However, the compliance agreements and the applicable union collective bargaining and trust fund agreements required contributions by the employer for all employee hours worked statewide. G & G Housing and the two unions were unable to resolve their differences. The unions assigned their claim to Audit Services, Inc. which filed suit concerning the matter.

G & G Housing attempted to introduce parol evidence to show that it intended to be bound by the compliance agreements only for work done at the Sunlight Mine. Audit Services filed a motion for summary judgment contending case law and 29 U.S.C. § 186(c)(5)(B) prohibited oral modification of written compliance agreements. Following briefing and oral argument, the District Court granted summary judgment in favor of Audit Services. G & G Housing appeals and raises the following issue:

1) Whether parol evidence is admissible to determine an employer's intent in entering a union compliance agreement?

Audit Services filed this action pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, et seq. In a case between an employer and a labor organization filed under the Labor Management Relations Act state courts have concurrent jurisdiction with federal courts but must apply federal substantive law. Audit Services, Inc. v. Clark Brothers Contractors (Mont. 1982), 645 P.2d 953, 39 St.Rep. 928.

The District Court in its memorandum supporting summary judgment found federal and Montana case law to be clearly in opposition to G & G Housing's contention that parol evidence is admissible in this case. We agree.

The compliance agreements signed by G & G Housing incorporated the current collective bargaining and union trust fund agreements which require union trust fund contributions from an employer for all employee hours worked statewide. G & G Housing seeks to introduce evidence that it intended to be bound by the compliance agreements only in relation to the Sunlight project.

The applicable federal law is 29 U.S.C. § 186(c)(5)(B), which requires the detailed basis on which payments are to be made to a trust to be specified in a written agreement with the employer. The leading case in the Ninth Circuit interpreting this provision is Waggoner v. Dallaire (9th Cir. 1981), 649 F.2d 1362.

In Waggoner, the defendant signed a short form collective bargaining agreement with the local union which incorporated by reference the terms of the master labor agreement including four employee benefit trusts. Defendant asserted he entered the collective bargaining agreement only upon the oral understanding that its trust benefit terms would not be enforced. The Ninth Circuit interpreted 29 U.S.C. § 186(c)(5)(B), to prohibit oral modification of written trust fund contribution obligations.

4

The *Waggoner* court outlined the policy considerations underlying its decision:

> Section 302 of the LMRA, 29 U.S.C. § 186 (1976), was enacted in response to serious Congressional concern over union corruption and alleged "shake-down" and "kickback" schemes involving union welfare funds. . . . a rule permitting oral modification of written trust arrangements would defeat the elaborate protection section 302 provides trust beneficiaries. Employees, basing their futures on the promise of an old-age pension provided in a union contract, may discover in later years to their surprise that an oral side-agreement had eroded the worth of their pension rights.

649 F.2d 1366.

This Court relied on *Waggoner* in Audit Services, Inc. v. Harvey Bros. Construction (Mont. 1983), 665 P.2d 792, 40 St.Rep. 1019. In *Harvey Bros.*, we addressed the same issue that is presently before the Court. Defendant Harvey Bros. Construction signed compliance agreements with local carpenter and labor unions which incorporated collective bargaining agreements requiring trust fund contributions. Defendant attempted to argue that the agreements were orally limited in scope to two construction projects. This Court held the parties to the terms of the agreements and stated: "To allow such oral modifications to stand would defeat the protections provided the trust beneficiaries by 29 U.S.C. § 186(c)(5)." 665 P.2d 796, 40 St.Rep. 1024.

The case law cited by G & G Housing as favoring introduction of parol evidence is not persuasive. In Cappa v. Wiseman (N.D. Cal. 1979), 469 F.Supp. 437, the court permitted parol evidence to aid in interpretation of an ambiguous collective bargaining agreement. However, the court also noted that national labor policy requires some form of writing in some circumstances; "Moreover, agreements which

5

provide for pension fund contributions by an employer must be committed to writing. 29 U.S.C. § 186(c)(5)(B)." 469 F.Supp. 442, n.8.

In Operating Engineers Pension Trust v. Gilliam (9th Cir. 1984), 737 F.2d 1501, the Ninth Circuit permitted oral evidence concerning whether the employer intended to enter a collective bargaining agreement. However, the court distinguished Gilliam from cases such as Waggoner where the employer recognized he had entered into a collective bargaining agreement but later argued oral modification of the agreement. 737 F.2d 1505.

The cases decided by the Ninth Circuit under 29 U.S.C. § 186(c)(5)(B), clearly hold that parol evidence is not admissible to modify benefit trust provisions in collective bargaining agreements. See also Operating Engineers Pension Trust v. Beck Engineering and Surveying (9th Cir. 1984), 746 F.2d 557; Maxwell v. Lucky Construction Company, Inc. (9th Cir. 1983), 710 F.2d 1395. In the present case, plaintiff Audit Services, Inc. is entitled to judgment as a matter of law.

The District Court is affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices