No. 89-140

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JOHN C. HUGHES, as administrative
manager of the Western Conference of
Teamsters Pension Trust Fund,

        Plaintiff and Appellant,

  -vs-

JIM BLANKENSHIP, d/b/a BLANKENSHIP
CONSTRUCTION, f/k/a BLANKENSHIP PAVING,

        Defendant and Respondent.

FILED
'89 NOV 7 PM 1 31
ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:  District Court of the Second Judicial District,
              In and for the County of Silver Bow,
              The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Michael C. Coil, Bozeman, Montana

      For Respondent:

          John F. Lynch, Great Falls, Montana

Submitted on Briefs:  Sept. 21, 1989

Decided:  November 7, 1989

Filed:

_____
                 Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

The plaintiff, John Hughes, in his capacity as administrator of the Western Conference of Teamsters' Pension Fund, initiated this suit to recover $45,427.39 owed by the defendant Jim Blankenship as a union contractor for unpaid contributions to the Pension Fund (Fund), plus damages and interest. Blankenship defends on the grounds that the collective bargaining agreement he entered with the Teamsters Union was to be applicable only to employees working on non-residential patching and paving jobs and that the collective bargaining agreement actually entered was entered into by mistake. The Union is not a party to this lawsuit.

Following a non-jury trial, the District Court entered judgment in favor of Blankenship, ordering the Fund to do an accounting of Blankenship's contributions and to return all funds paid by Blankenship to his employees. From this decision the Fund now appeals. We reverse and remand.

The issues presented by the appellant are:

1. Is the District Court's judgment consistent with the governing principles of federal labor law by which this case is controlled?

2. Was the contract between the parties ratified by the respondent's actions such that he is not entitled to rescission?

3. Does the parol evidence rule bar admission of certain evidence herein, and if barred, does the remaining evidence support the District Court's conclusions?

4. Can the District Court sua sponte order relief not requested by either party?

5. Is the appellant entitled to gather financial data from the respondent for the period of 1986 to 1988 for the purposes of an additional audit?

Since 1972 the respondent, Jim Blankenship, has owned and operated Blankenship Construction, formerly known as Blankenship Paving, in Butte, Montana. Pickets went up at the sites where Blankenship's company was working in 1976. Following negotiations with union representative Jim Roberts, on July 8, 1976, Blankenship became signatory to the Highway and Heavy Construction Labor Contract then in force. As part of that document Blankenship was also required to sign a collective bargaining compliance agreement. Subsequent compliance agreements were signed on November 9, 1977 and July 31, 1981. In accordance with the original contract and the compliance agreements, Blankenship also signed employer - union pension certification documents, by which he agreed to be bound by the declaration of trust and pension plan of the Fund.

The Fund, in accordance with the terms of the contract, conducted an audit. Through the audit the Fund discovered that Blankenship was in arrears on his pension contributions.

When the Fund demanded back payment Blankenship refused, citing an agreement which he and Jim Roberts made at the time Blankenship entered into the Highway and Heavy Construction Labor Contract. The gist of the side agreement was that employees working on residential and small, commercial-type paving jobs would not be subject to the Highway and Heavy Construction Labor Contract. Blankenship believed these terms were written as part of the contract. At trial Blankenship testified that he only signed the contracts because union representative Roberts had assured him that he had no obligation under the union contract to make contributions to the pension trust fund for employees

working on small commercial or residential paving jobs. An earlier audit performed by a Montana Teamsters Health and Welfare Trust Fund auditor gave credence to the agreement between Blankenship and Roberts, excluding Blankenship Construction employees engaged in residential, small commercial, and shop work from the coverage of the collective bargaining agreement. Only after his deposition in July of 1988, did Blankenship realize the agreement between himself and Roberts was oral rather than written.

Following a bench trial the District Court concluded that the contract between the parties should be rescinded because the mutual mistake of fact concerning the side agreement between union representative Roberts and Blankenship was so substantial and fundamental as to defeat the object of the parties. The court, in its findings of fact and conclusions of law, ruled that Roberts as an experienced union contract negotiator had either knowingly or negligently misrepresented the conditions under which a compliance agreement or a collective bargaining agreement could legally be executed. The District Court found that Roberts, in his deposition, admitted he made the representation to Blankenship that only employees working on "heavy" construction were subject to the contract and that the representation was not set forth in the standard form compliance agreement in contravention to federal labor law. Because both parties shared the misconception that there could be oral modification of the collective bargaining agreement as to when and where it applied, the District Court ruled the material mistake of fact mandated rescission of the July 8, 1976 compliance agreement and all subsequent compliance agreements, the collective bargaining agreements, and the trust agreements. The District Court further ordered an accounting of all contributions paid to the Fund by

4

Blankenship on behalf of his employees and that the Fund return such contributions directly to those employees.

Because we find that the parol evidence rule prohibits the introduction of evidence regarding any oral modification of the labor contract, we will only specifically address appellant's third issue. All remaining issues will only be dealt with tangentially, as they relate to the parol evidence rule in labor contracts.

Appellant brought this case to force the respondent to make contributions to the Fund in accordance with the labor contract and compliance agreements between respondent and the union. As such, the Labor Management Relations Act (LMRA), Section 302, 29 U.S.C. §§ 185 et seq., applies.

This Court has often noted that State courts possess concurrent jurisdiction with Federal courts but must apply Federal substantive law where suit has been initiated under the LMRA to enforce a contract between a labor organization and an employer. Audit Services, Inc. v. Clark Brothers Contractors (1982), 198 Mont. 274, 645 P.2d 953; Audit Services, Inc. v. Harvey Bros. Construction (1983), 204 Mont. 484, 665 P.2d 792; and Audit Services, Inc. v. Houseman (1987), 227 Mont. 57, 737 P.2d 71.

At trial appellant objected to the introduction of evidence of an oral modification to the collective bargaining agreement, namely the oral side agreement between Blankenship and Roberts exempting certain employees from coverage under the contract. The court heard testimony from both Blankenship and Roberts concerning the oral modifications. Appellant argues that by admitting such evidence the District Court violated the parol evidence rule. We agree.

As noted above, the State court must apply Federal law in labor contract disputes. In a leading case, the Ninth Circuit Court interpreted Federal statute 29 U.S.C.

5

§ 185(c)(5) to mean that written trust fund contribution obligations cannot be modified orally. Waggoner v. Dallaire (9th Cir. 1981), 649 F.2d 1362, 1366. Citing Waggoner, this Court has previously held that parol evidence of oral modifications to contracts subject to the LMRA is inadmissible. Audit Services, Inc. v. Houseman, 737 P.2d at 72; Audit Services, Inc. v. Harvey Bros. Construction, 665 P.2d at 796. We so hold once again and reverse and remand for a hearing consistent with this opinion.

_____
Justice

_____
Chief Justice

_____

_____

_____
Justices