No. 93-301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

COLORADO NATIONAL BANK OF DENVER,
a National Banking Association,

      Plaintiff and Respondent,

-vs-

MARK C. STORY and JUDY STORY,

      Defendants and Appellants.

FILED

NOV -2 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gregory O. Morgan, Attorney at Law, Bozeman, Montana

    For Respondent:

        Keith A. Christie; Peterson & Schofield, Billings,
Montana

Submitted on Briefs:  September 9, 1993

Decided: November 2, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Defendants appeal a judgment from the Eighteenth Judicial District Court, Gallatin County, finding them liable to the plaintiff for money due, as well as attorney's fees and costs. One issue is dispositive: what statute of limitations applies under the facts of this case?

Defendant Judy Story (Judy) applied for a Rocky Mountain BankAmericard (VISA card) around January 20, 1977, under her maiden name, Judy Johnson. The application itself contained no terms or conditions regarding the issuance of the VISA card. The Colorado National Bank of Denver (Bank) issued Judy a VISA card around January 27, 1977. After Judy married, she authorized her husband, defendant Mark Story (Mark), the use of the VISA card.

Judy and Mark both used the VISA card. Judy received statements in the mail and both Judy and Mark made payments to the Bank for the charges. The last payment Judy made was on October 10, 1986. On November 13, 1991, the Bank sued Mark and Judy for $5,074.52, the amount due on the VISA card account. The Bank also requested interest, costs and attorney's fees. Mark and Judy raised the statute of limitations defense, arguing that the debt was an account stated, which has a five-year statute of limitations, and that the action was time-barred.

A bench trial was held on March 19, 1993. At trial, the Bank introduced exhibits which included Judy's original application for the VISA card and numerous copies of billing statements which were sent to Judy. This was the only evidence regarding a written

2

contract which was introduced. After the trial, the District Court entered Findings of Fact and Conclusions of Law in which it concluded that Judy's signature upon the application for a VISA card constituted a written acceptance of terms for a credit extension from the Bank, and that, therefore, a written contract existed. On that basis, the District Court concluded that an eight-year statute of limitations applied. In addition, the District Court found that Mark was jointly and severally liable for the debt because he was an authorized user of the VISA card. The District Court entered judgment for the Bank on the debt, and awarded attorney's fees and costs. From that judgment, Mark and Judy appeal. We reverse.

The critical issue in this appeal involves a conclusion of law--whether the District Court properly concluded that a written contract existed. When presented with a conclusion of law, our standard of review is whether the trial court's interpretation is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

Section 27-2-202, MCA, provides, in pertinent part:

> (1) The period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years.

> (2) The period prescribed for the commencement of an action upon a contract, account, or promise not founded on an instrument in writing is within 5 years.

Pursuant to this statute, if the debt at issue was founded on a written contract, the present action is not time-barred. However, if the debt is an account stated, not based upon a written

3

contract, then the present action is time-barred.

In this case, the District Court concluded that Judy's signature on the application for a VISA card constituted a written contract. However, the application signed by Judy does not contain any contract terms and there are no other writings in the record from which contract terms can be extracted. No evidence was introduced that sets forth the terms of any agreed-upon interest charges or any agreed-upon terms of the repayment obligation. Nothing with Mark's signature was introduced which would indicate the existence of a written contract. In addition, no evidence regarding an agreement to pay attorney's fees in the event of non-payment is present here. A review of the record indicates that there is no written instrument or series of writings that can, in any way, be construed as a written contract. The statements introduced into evidence are exactly that--statements of account--and nothing more. There is no evidence in this case to support the District Court's conclusion that a written contract existed. Accordingly, the debt at issue is an account stated, and not one founded upon a written instrument.

Because the debt at issue is an account stated and is not based upon an instrument in writing, the five-year statute of limitations applies. Here, the last date of payment on the account was October 10, 1986. Therefore, the five-year period begins running from that date. The Bank filed its complaint on November 13, 1991. Therefore, the action against Mark and Judy is time-barred.

4

Given our holding that the statute of limitations bars this action, we need not decide whether the District Court's imposition of joint and several liability on Mark was correct.

We note that, on appeal, Mark and Judy have requested an award of attorney's fees on the basis of § 28-3-704, MCA, which provides that a contractual right to attorney's fees will be treated as reciprocal. Attorney's fees are not recoverable in a contract action unless they are provided for in the contract or by statute. Marshall v. State (1992), 253 Mont. 23, 27, 830 P.2d 1250, 1252. Here, Mark and Judy dispute the presence of any written contractual terms, and we have held that there is no written contract. There is similarly no statutory provision which would authorize an award of attorney's fees in this case. Therefore, Mark and Judy are not entitled to an award of attorney's fees.

We reverse and remand with instructions to the District Court to dismiss the action against Mark and Judy, with prejudice.

Justice

We concur:

Chief Justice

Justices

November 2, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Gregory O. Morgan, P.C.
Attorney at Law
P.O. Box 1530
Bozeman, MT  59771-1530

Keith A. Christie, Esq.
Peterson & Schofield
2906 Third Ave. No.
Billings, MT  59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy