No. 93-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JOHN C. HUGHES, as administrative
manager of the Western Conference
of Teamsters Pension Trust Fund,

     Plaintiff and Appellant,

  vs.

JIM BLANKENSHIP, d/b/a BLANKENSHIP
CONSTRUCTION, f/k/a BLANKENSHIP
PAVING,

     Defendant and Respondent.

FILED

AUG 11 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael C. Coil, Angel, Screnar, Coil & Bartlett,
Bozeman, Montana

    For Respondent:

        John Lynch, Lynch Law Firm, Great Falls, Montana

Submitted on Briefs:  April 28, 1994

Decided:  August 11, 1994

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

John Hughes appeals from the Findings of Fact, Conclusions of Law, and Judgment of the Second Judicial District Court, Silver Bow County, awarding unpaid employer contributions to the Western Conference of Teamsters Pension Trust Fund (Trust Fund) and attorney's fees to Jim Blankenship, doing business as Blankenship Construction (Blankenship). We reverse and remand.

Blankenship entered into a collective bargaining compliance agreement with the Joint Council of Teamsters and Teamsters Local No. 2 of Butte, Montana, in July, 1976. By entering into the compliance agreement, Blankenship agreed to be bound by the terms of the Highway and Heavy Construction Labor Contract (Labor Contract), a collective bargaining agreement between the Montana Contractors Association and the Joint Council of Teamsters. The Labor Contract included a schedule governing employer contributions to the Trust Fund for every hour an employee worked in a job classified in the Labor Contract and designated the Trust Fund as the recipient of those contributions.

The compliance agreement also bound Blankenship to the Trust Fund's articles of trust, which were contained in various agreements and declarations of trust and governed the administration of the Trust Fund, including the collection of delinquent contributions. They required the employer to submit written reports regarding the wages paid and hours worked by each employee and authorized the Trust Fund to audit the employer's payroll records to determine if contributions were owing.

2

Contemporaneous with the collective bargaining compliance agreement, Blankenship entered into an oral agreement with Jim Roberts (Roberts), a local Teamsters union representative. This oral agreement purported to decrease Blankenship's contribution obligations to the Trust Fund by excluding the necessity of contributions for employees working on certain types of projects.

The Labor Contract was amended several times after Blankenship entered into the original compliance agreement. Blankenship signed additional compliance agreements in 1977 and 1981.

Shortly after signing the 1981 compliance agreement, Blankenship signed an employer-union pension certification. This document further bound Blankenship to the Trust Fund's articles of trust and specified a procedure for obtaining the Trust Fund's consent to a modification of an employer's contribution obligations.

In 1985, the Trust Fund initiated an audit of Blankenship's payroll records. The audit revealed that Blankenship was delinquent on his contributions for years 1979 through 1986. The Trust Fund assessed contribution deficiencies, interest, and liquidated damages against Blankenship. Relying on his oral agreement with Roberts, Blankenship refused to pay the amounts assessed.

In 1987, John Hughes (Hughes), administrative manager of the Trust Fund, filed an action to recover the unpaid contributions. Shortly after the action was filed, Blankenship proposed by letter to make an offer of judgment in the amount of delinquent

contributions he agreed were owing under the Labor Contract as modified by the oral agreement, as well as penalties and interest. The Trust Fund refused the proposal.

During the trial of the action, the District Court admitted evidence of the oral agreement between Blankenship and Roberts modifying Blankenship's contribution obligations. Based on this evidence, the District Court rescinded the compliance agreements and all subsequent agreements based on the parties' mutual mistake in believing they could orally modify Blankenship's contribution obligations to the Trust Fund. We reversed the District Court on appeal and remanded for further proceedings, holding that parol evidence of an oral modification to a contract governed by the Labor Management Relations Act was inadmissible as a matter of federal law. Hughes v. Blankenship (1989), 239 Mont. 519, 523, 781 P.2d 1132, 1134.

Following remand, Blankenship and Roberts discussed, and Roberts drafted, a written "memorialization" of the original oral agreement; both Roberts and Blankenship signed it. The purpose of the memorialization was to facilitate settlement of the case by setting forth the conditions under which Blankenship was required to contribute to the Trust Fund. The case did not settle.

The parties agreed that Blankenship owed $8,222 in delinquent contributions for work which was not excluded under the terms of the memorialization. Blankenship made an offer of judgment in that amount plus any costs incurred by the Trust Fund. The Trust Fund rejected the offer and the action continued.

4

Over the Trust Fund's objection, the District Court admitted the memorialization into evidence during the second trial. The District Court ultimately concluded that the written memorialization was enforceable against the Trust Fund and limited Blankenship's contribution obligations pursuant to its terms. It awarded the Trust Fund $8,224 in delinquent contributions and $13,396 in liquidated damages and interest. In addition, the court awarded Blankenship $38,766 in attorney's fees based on the Trust Fund's rejection of the first proposal for an offer of judgment. Hughes appeals.

The primary issue before this Court is the enforceability of the 1991 written memorialization entered into by Blankenship and Roberts. Hughes argues that the memorialization was not enforceable because Blankenship and Roberts did not follow the mandatory provisions in the Labor Contracts, compliance agreements, and pension certification specifying how to make a contribution modification binding on the Trust Fund. Blankenship responds that the Trust Fund, as a third-party beneficiary of the Labor Contract, cannot deny enforceability of the written modification. Furthermore, Blankenship asserts that the Trust Fund's attorney approved the memorialization for form and content and, because no reason for not accepting it was offered, it is enforceable.

It is clear that state and federal courts have concurrent jurisdiction in trust fund collection cases and that federal substantive law provides the basis for our decisions. Audit Services, Inc. v. Anderson (1984), 211 Mont. 323, 326, 684 P.2d

5

491, 493. The interpretation of a collective bargaining agreement provision is a question of law. Kemmis v. McGoldrick (9th Cir. 1983), 706 F.2d 993, 996. We review a district court's interpretation of law to determine if it is correct. Colorado National Bank of Denver v. Story (1993), 261 Mont. 375, 377, 862 P.2d 1120, 1122.

Courts interpret contractual provisions according to the plain, ordinary language used by the parties. National Labor Relations Board v. Superior Forwarding, Inc. (8th Cir. 1985), 762 F.2d 695, 697. Here, the Labor Contract in effect during the 1979-86 audit period plainly stated that the Trust Fund would rely on its terms to "restore or not reduce benefits to Retiring Employees" and that the terms could not be modified without the "express written consent of the trustees." Furthermore, the plain language of the 1981 pension certification signed by Blankenship specifically provided that the Trust Fund would not be bound by any modification to an employer's contribution obligations unless the modification was contained in a complete, signed writing, timely submitted to the Trust Fund's area administrative office, and accepted by the trustees. These documents were of record in the District Court.

Furthermore, other evidence demonstrated that the memorialization did not meet the requirements for binding the Trust Fund to a contribution modification under the terms of either the Labor Contract or the 1981 pension certification. Greg Thompson, supervisor of the contract review and pension accounting department

for the Trust Fund administrator, testified that the written and executed memorialization was never submitted to the administrative offices; he had not seen it prior to the time it was given to him at trial in 1992. Linda Kuniega, audit supervisor for the Trust Fund, testified that her office received an unsigned, undated copy of a document with language similar to that in the written memorialization in early 1991, but that the Trust Fund did not accept the document.

Blankenship's assertion that the memorialization is enforceable because the Trust Fund rejected it for no reason after its attorney approved it for form and content is not persuasive. William Roberts, the Trust Fund attorney who originally discussed the memorialization with Roberts, testified that his discussions with Roberts regarding the memorialization focused on settlement of the case. His testimony included accounts of several conversations during which Roberts was informed that the Trust Fund's area manager would recommend acceptance of the written agreement to the Trust Fund only if Blankenship agreed to additional conditions related to payment of the undisputed amount of delinquent contributions, liquidated damages, administrative costs, and attorney's fees. He further testified that, although the additional conditions were not met, an unsigned copy of the written memorialization was eventually provided to him and approved for content but that the Trust Fund had never approved it. Although this evidence established that the written memorialization was approved for content by a Trust Fund attorney, it did not establish

7

that a signed memorialization was timely submitted to the Trust Fund's area administrative offices and accepted by the trustees as required by the Labor Contract or the pension certification.

We conclude that the written memorialization entered into by Blankenship and Roberts in 1991 did not comply with the requirements in either the Labor Contract or the pension certification for making a contribution modification binding on the Trust Fund. We hold, therefore, that the District Court erred in concluding that the written memorialization modifying Blankenship's contribution obligations was enforceable against the Trust Fund. On remand, the Trust Fund's award for delinquent contributions, interest, and liquidated damages must be calculated without regard to the 1991 written memorialization.

Hughes also asserts error in the District Court's denial of his motion to amend the findings of fact, conclusions of law, and judgment to include a finding that the Trust Fund was entitled to audit Blankenship's payroll records for the period between 1986 and Blankenship's withdrawal from the Labor Contract in January, 1988. Hughes argues that the record supports the Trust Fund's authority to audit Blankenship's records for this period, but that the District Court failed to address the issue. Blankenship responds that Hughes did not properly raise the issue in the District Court and, therefore, it is not properly before us.

Our review of the record reveals that Hughes raised the audit issue in his initial pleading, pretrial brief for the second trial, and motion to amend the District Court's findings of fact and

8

conclusions of law after the second trial. Because it was raised in a motion presented to and ruled on by the District Court, we conclude that the issue is properly before us on appeal. See Fillback v. Inland Const. Co. (1978), 178 Mont. 374, 382, 584 P.2d 1274, 1278. We review a district court's decision regarding a motion to amend findings of fact and conclusions of law for abuse of discretion. Wagner v. Cutler (1988), 232 Mont. 332, 338, 757 P.2d 779, 783.

The District Court record clearly supports the Trust Fund's right to audit Blankenship's payroll records for the time period between 1986 and Blankenship's withdrawal in 1988. The compliance agreements and pension certification signed by Blankenship bound him to the Trust Fund's articles of trust, which required the employer to furnish its payroll records to the Trust Fund for an audit when the trustees deemed it advisable for the administration of the Trust Fund. Here, the administrator requested Blankenship's payroll records to determine whether further contributions were due and owing. We hold that the District Court abused its discretion in denying the Trust Fund's motion to amend the findings of fact to include the Trust Fund's right to complete an audit of Blankenship's payroll records from 1986 up to the time of his withdrawal.

Hughes raises an additional issue regarding the District Court's award of attorney's fees to Blankenship. The award was premised on the court's conclusions that the written memorialization was enforceable against the Trust Fund and,

therefore, that Blankenship is the prevailing party in this action because his proposal to make an offer of judgment in the amount of the delinquent contributions for all work which was not excluded under the terms of the memorialization equalled the amount ultimately awarded to the Trust Fund. Based on our holding herein that the District Court's conclusion regarding the enforceability of the memorialization is erroneous, we vacate the award of attorney's fees to Blankenship.

Reversed and remanded for redetermination of the amount of delinquent contributions, interest, and liquidated damages owed by Blankenship, entry of an order requiring Blankenship to submit his payroll records for 1986 through the time of his withdrawal in 1988 to the Trust Fund for audit, and further proceedings on the issue of attorney's fees.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

10

August 11, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Michael C. Coil, Esq.
ANGEL, SCRENAR, COIL & BARTLETT
125 W. Mendenhall
Bozeman, MT 59715

John Lynch, Esq.
Lynch Law Firm
P.O. Box 2265
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy