2014 UT App 208

## THE UTAH COURT OF APPEALS

JASON V. HAFEN,
Petitioner and Appellant,

*v.*

DENIECE C. SCHOLES,
Respondent and Appellee.

Per Curiam Decision
No. 20130886-CA
Filed September 5, 2014

Fifth District Court, St. George Department
The Honorable Eric A. Ludlow
No. 104500928

Britt K. Beckstrom, Attorney for Appellant

Brent M. Brindley, Attorney for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
PAMELA T. GREENWOOD.[1]

PER CURIAM:

¶1      Jason V. Hafen appeals the trial court's order modifying a divorce decree. Specifically, he challenges the trial court's grant of Deniece C. Scholes's motion to reconsider and the resulting modification of a prior order. We affirm.

¶2      Hafen first argues that the motion to reconsider should have been summarily denied as an improper postjudgment motion to reconsider under *Gillett v. Price*, 2006 UT 24, 135 P.3d 861. In *Gillett*,

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

the Utah Supreme Court disavowed its prior precedent and held that postjudgment motions to reconsider are not recognized under Utah's rules and do not toll the time for appeal. *Id.* ¶ 7. However, the supreme court expressly limited its holding to "post-final-judgment motions to reconsider." *Id.* ¶ 10. The supreme court noted that the holding did not apply to motions to reconsider or revise nonfinal judgments or orders. *Id.*

¶3      The motion to reconsider challenged by Hafen was filed after the trial court entered findings of fact and conclusions of law but before the entry of the final order modifying the divorce decree in June 2013. Accordingly, it was not a postjudgment motion to reconsider as addressed in *Gillett*. Trial courts may reconsider prior rulings before a final judgment has been entered. *See* Utah R. Civ. P. 54; *IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 27, 196 P.3d 588 (noting that "[w]hile a case remains pending before the district court . . . the court remains free to reconsider" prior decisions). The trial court did not err in considering Scholes's motion to reconsider but rather acted within its discretion to do so. *IHC Health Servs.*, 2008 UT 73, ¶ 27.

¶4      Hafen also argues that the trial court erred in revising a ruling regarding alimony because alimony modification was not raised in the motion to reconsider. This issue is not properly before this court, however, because it was not preserved for appeal. Generally, issues not raised in the trial court are deemed waived. *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. To preserve an issue for appeal, "the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *Id.* Hafen did not specifically object to the reconsideration of the alimony issue as beyond the scope of the motion to reconsider. Accordingly, the issue is not properly before this court and we do not consider it.[2]

---

2. In addition, this issue is beyond review because Hafen has not provided an adequate record on appeal. The trial court held a hearing on the motion to reconsider on July 11, 2013. Hafen has not

(continued...)

¶5     Affirmed.

_____

2. (...continued)

provided a transcript of that hearing, so this court cannot determine the accuracy of Hafen's representation that the alimony issue was not put before the court. On the contrary, the minutes of the hearing indicate that the alimony issue was raised at that hearing. When there is not an adequate record on appeal, we presume the regularity of the proceedings below. *State v. Pritchett*, 2003 UT 24, ¶ 13, 69 P.3d 1278.