Opinion
ROTH, Judge:
T1 Jay R. Stocks appeals the district court's denial of his motion to set aside a default judgment under rule 60(b)(1) of the Utah Rules of Civil: Procedure. Stocks's proposed defense below was that the four-year statute of limitations for actions on an "open account" barred any claim against him for the unpaid balance on his credit card account, See Utah Code Ann. § T8B-2-307(1)(c) (LexisNexis 2012). The district court ruled, however, that the six-year statute of limitations for a "liability founded upon an instrument in writing" applied and that the action was therefore timely, See id. § 78B-2-309(2). Because Stocks's only claimed defense was that the suit was time-barred by the statute of limitations, the court declined to set aside the judgment against him. Stocks argues on appeal that the four-year statute of limitations applies to eredit cards because credit card accounts are open store accounts and not lHabilities founded on instruments in writing. See id. §§ 7SRB-2-807, -809. We do not reach that question but affirm the district court on the alternative basis that Stocks failed to demonstrate either mistake or excusable neglect sufficient to warrant setting aside the judgment under rule 60(b). See Utah R. Civ. P. 60).
BACKGROUND _
2 Although the date is not apparent from the record, Stocks at some point entered into an agreement with Citibank for a credit card. Stocks used the credit card to make various purchases but eventually failed to make payments and defaulted on the account, leaving an unpaid balance of approximately $18,000. Citibank assigned Stocks's debt to Asset Acceptance for collection purposes.
18 Asset Acceptance filed a collection action and served Stocks with the complaint on February 20, 2014 Stocks, acting pro se, filed an answer on March 7, 2014. In his answer Stocks asserted an affirmative defense that because there had been no activity on the account since 2007, Asset Acceptance's claim against him was barred by the four-year statute of limitations set out in Utah Code section 78B-2-807.
T4 After receiving Stocks's answer, Asset ° Acceptance served Stocks with its first set of discovery requests, which included both a request for production of documents and requests for admission. Asset Acceptance's discovery request contained the following notice, entirely in bold print, on the first page immediately below the caption:
* ** IMPORTANT NOTICE TO DEFENDANT * * *
This Discovery Set contains Requests for Admission in addition [to] Request[s] for Production. Under Rule 36 of the Utah Rules of Civil Procedure the Requests for Admission shall be deemed admitted unless you respond to the Requests within 28 days after service of the Requests or within such shorter or longer time as the court may allow, Be aware that Plaintiff may move to have the Court enter judgment against you if certain matters in this action are deemed admitted based on your failure to respond timely,
(Emphasis in original.) In addition to this notice on the first page, the third page also contained a notice entirely in bold print that immediately preceded the requests for admission: "The following requests for admission will be deemed admitted if not responded to within twenty-eight (28) days after service." Stocks did not respond.
_ 15 On May 14, 2014, Asset Acceptance filed a motion for summary judgment. The motion contained the following notice:
*326 Defendant is on notice that failure to respond to this motion within ten (10) days of the date of mailing may result in the Court granting the motion and/or entering a judgment. Defendant's] Answer filed in this matter is insufficient as a response to this motion.
Stocks again failed to respond. Asset Acceptance submitted the motion for summary judgment to the district court for decision on June 19, 2014. The court granted the motion on June 20, 2014, noting, "No opposition to the Motion has been filed and the time to do so has now passed." That same day, the district court signed a judgment in favor of Asset Acceptance and sent notice of the judgment to Stocks. ___
16 Approximately one month later, Stocks filed a pro se motion to set aside the judgment pursuant to rule 60) of the Utah Rules of Civil Procedure and requested a hearing. See Utah R. Civ, P. 60(b). In his motion, Stocks stated, "I did not answer the summons and complaint in the lawsuit because: (1) I believed that the response given to the original complaint was sufficient and was waiting for my day in court. (2) I believed the defense of statute of limitation had been raised and no other actions nor further filings were needed on my behalf."[2] Stocks again asserted that the action was time-barred because under Utah Code seetion 78B-2-807 a four-year statute of limitations for open accounts applied to credit cards. In its memorandum in opposition to Stocks's motion, Asset Acceptance argued that Stocks had not only failed to establish a valid basis for relief under rule 60(b) but had "consciously chose[n] to disregard the warnings and not respond to Discovery or the Motion for Summary Judgment." Asset Acceptance argues that such actions demonstrated "a clear:lack of diligence" and that Stocks's "willful disregard [does] not even qualify as neglect" under rule 60(b). See id. R. 60(b)(1). Asset Acceptance further argued that a six-year statute of limitations applied to its claim and not, as Stocks asserts, a four-year statute of limitations. See 'Utah Code Ann. §§ 78B-2-807, -809 (Lexis-Nexis 2012). *>
T7 At the August 26, 2014 hearing, Stocks, appearing pro se, explained,
I didn't respond [because] ... I thought that it was a time-barred case. And then pursuant to Rule 60, I made a mistake[;] ... I didn't realize that I had to respond to each and every claim that they had made, and I thought the initial response that it said it was a time-barred statute was sufficient.
Stocks further explained that he was "surprised" when Asset Acceptance "got a summary judgment" against him. Stocks argued that Asset Acceptance's claim should fail because it was barred by the four-year statute of limitations. In response, Asset Acceptance argued that "there's [no] basis for setting aside the judgment" because "there was no response [from Stocks] to any of the subsequent pleadings to the summons complaint" and that "the judgment should ... remain in place" because the six-year statute of limitations for instruments founded on writings applies to credit cards. The district court denied Stocks's motion. In doing so the court stated,
I could set aside the judgment and ... then consider a motion for summary judgment on the grounds that it's a six-year statute [of limitations] that applies, or I 'could determine that there's really no point in granting a motion to set aside because a six-year statute is what applies. And I do believe that a six-year statute is what applies in this situation, so I don't see what's the point of going a longer path of setting aside, then hearing another motion for summary judgment, So I'm denying your motion to set aside.
Stocks now appeals.
ANALYSIS
18 "A trial court has discretion in determining whether a movant has shown [Rule 60(b) grounds], and this Court will reverse
*327 the trial court's ruling only when there has been an abuse of discretion." Lange v. Hby, 2006 .UT App 118, T6, 188 P.8d 451 (alteration in original) (citation and internal quotation marks omitted); see also Jones v. Lay-ton/Oklanmd, 2009 UT 39, €10, 214 P.8d 859 ("We review a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion.").
T9 In denying Stocks's rule 60(b) motion, the district court stated that it had read all documents related to this matter and had found that section 78B-2-309 of the Utah Code "is the applicable statute of limitations in this case, as the account in question is based upon instruments in writing." The court did not further explain the basis for its decision, Stocks seeks to challenge the court's denial of his motion to set aside the judgment "based on the purely legal determination that a six-year statute of limitations-not a four-year statute of limitations-applies to credit cards under Utah law."
{110 As both parties agree, the question of which limitations. period applies to actions on credit card accounts is an issue of first impression in Utah,. Stocks argues that the four-year period applicable to "open store aceount[s] for [the purchase of] any good, wares, or merchandise" and to "open account[s] for work, labor or services rendered, or materials furnished," see Utah Code Ann. § 78B-2-807 (LexisNexis 2012), is the correct one; Asset Acceptance contends that it should be the six-year period applicable to "any contract, obligation, or liability founded upon an instrument in writing," see id. § 78B-2-309. In other jurisdictions where a similar issue has been addressed, the results have been mixed and often involve statutory language that. differs from our own in ways that may or may not be. significant.[3] And the question presented here is an important one that deserves attention, whether judicial or legislative, given the universality of credit cards in our society and the number of collection cases involving credit card debt that make their way into our courts. But precisely because the issue is important and may have widespread impact, we decline to attempt to resolve an issue of first impression in a case with the sort of procedural deficits this one contains. CJ. United States v. Monroe, 866 F.2d 1857, 1867 (11th Cir.1989) (declining to address an issue of first impression until "a better factual setting in which to determine the ... issue" arises). Most importantly, as Asset Acceptance points out, the record here is not suited to the task.[4] For example, though the particular terms and structure of a credit card agreement may certainly bear on the determination of its nature as an open gccount or instrument in writing, there is no such agreement in the record or even a description of the particular agreement beyond the bare allegations of the complaint and the motion for summary judgment, which are limited to "[Stocks] entered into a contract with CITIBANK opening an account ending in [ 18517," which the parties seem to acknowledge is a credit card account of some kind. From the facts before us in the record, there is simply no evidence about how any agreement might have been reached or what any of its terms are, beyond the bare requirement to make periodic payments.
111 Further, the procedural posture here-a ruling on a rule 60(b) motion to set *328 aside a default judgment-is not well suited to resolve the kind of legal question raised. For instance, the demonstration of a "meritorious defense" requires no more than "a clear and specific proffer of a defense that, if proven, would preclude total or partial recovery," requiring only "that a party state the basis for its claims or defenses-in short and plain terms." Sewell v. Xpress Lube, 2013 UT 61, 188, 321 P.3d 1080 (citation and internal quotation marks omitted). And the standard of review for the denial of such a motion focuses heavily on the highly discere-tionary nature of such a decision. See Katz v. Pierce, 782 P.2d 92, 98 (Utah 1986) (per curiam) ("The district court judge is vested with considerable discretion under Rule 60(b) in granting or denying a motion to set aside a judgment."); see also Jones, 2009 UT 89, 127, 214 P.3d 859 ("A district court abuses its discretion only when its decisidn was against the logic of the cireumstances and so arbitrary and unreasonable as to shock one's sense of justice ... [for] resulted from bias, prejudice, or malice." (alteration and omission in original) (citation and internal quotation marks omitted)). This narrow focus on the facial validity of claims or defenses is well tailored to the rule's limited purpose: "[To prevent the necessity of judicial review of questions which, on the face of the pleadings, are frivolous," Sewell, 2018 UT 61, 138, 321 P.3d 1080 (citation and internal quotation marks omitted). But the result can be that an important legal issue such as this one, does not receive the full analytical attention at the district court level it should otherwise merit and the appellate court is left without the benefit of the district court's insight. As a consequence, although we agree with both Stocks and Asset Acceptance that "this is an issue of first impression in Utah," this may not be the right case to address the issue because, as Asset Acceptance points out, "a review of the law of other jurisdictions is of little assistance, as there is no clear majority opinion, and statutory schemes for limitations periods vary widely from state, to state." >
112 Under the cireumstances, then, we think it appropriate to resolve the matter on a different basis than the court below. "Although the district court based its denial of the 60(b) motion on other grounds, we are free to affirm the dismissal on any grounds apparent from the record," Johnson v. Johnson, 2010 UT 28, T 13, 284 P.8d 1100, and we "may affirm the decision rendered below ... on a ground on which the district court did not rely," First Equity Fed. Inc. v. Phillips Dev. LC, 2002 UT 56, " 11, 52 P.8d 1137. See Orton v. Carter, 970 P.2d 1254, 1260 (Utah 1998) (stating that "(ilt is well established that an appellate court may affirm" a district court's order if the order "is sustainable on any legal ground or theory apparent on the record" (citation and internal quotation marks omitted)). We think it appropriate to do so here and conclude that Stocks failed to demonstrate that the cireumstances entitled him to relief under rule 60(b)(1).[5]
%13 Rule 60(b) of 'the Utah Rules of Civil Procedure provides 'a meckianism for a party to obtain relief from a final order or judgment on the basis of, among other things, "mistake, inadvertence, surprise, or excusable neglect." See Utah R. Civ. P. 60(b). To be entitled to relief under the rule, a party must show that "(1) the motion is timely; (2) there is a basis for granting relief under one of the subsections of 60(b); and (8) the movant has alleged a meritorious defense." Menzies v. Galetka, 2006 UT 81, $64, 150 P.3d 480. "These considerations should be addressed in a serial manner." Id. "In other words, there is no need to consider whether there is a basis for setting aside a ... judgment if the motion was not made in a timely manner, and no need to consider whether there is a meritorious defense if there are not grounds for relief." Id. And "it is unnecessary, and moreover inappropriate, to even consider the issue of [a] meritorious defensel ] unless the court is satisfied that a sufficient excuse has been shown." State ex rel. Dep't of Soc. Servs. v. Musselman, 667 P.2d 1058, 1056 (Utah 1983) (plurality opinion). In this case, the district court appears *329 to have turned to the issue of Stocks's claimed meritorious defense without first considering .whether he had met the other conditions for relief,
{14 To begin, there is no dispute that Stocks's rule 60(b) motion was timely. And although Stocks urges this court to reach the third consideration of whether he has a meritorious defense, Stocks's actions. in the proceedings below demonstrate the wisdom of addressing the considerations to obtain relief under rule 60(b) "in a serial manner." See Menzies, 2006 UT 81, §64, 150 P.3d 480. Accordingly, we must next determine whether Stocks has "a basis for granting relief under one of the subsections of [rule] 60(b)." See id.[6]
115 Stocks brought his motion to set aside the judgment under the theories of excusable neglect, mistake, or newly discovered evidence, which implicates subsections (1) and (2) of rule 60(b).[7] See Utah R. Civ. P. 60(b)(1), (2). Stocks states in his reply brief that "[in addition to the listed grounds for relief, rule 60(b) includes a catchall provision for 'any other reason justifying relief from the operation of the judgment. " (Quoting id. R. 60(b)(6).) Stocks continues, "Trial courts are granted broad discretion to make factual determinations about the attendant cireamstances of a 60(b) motion." But Stocks merely recites this portion of the rule in his reply brief without providing any analysis, See Brown v. Glover, 2000 UT 89, ¶ 23, 16 P.3d 540 ("Generally, issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not, be considered by the appellate court."); Utah R.App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, ... with citations to the authorities, statutes, and parts of the record relied on."). And, in any event, because his claim most closely fits under subsection (1) of the rule for "mistake" or "excusable neglect," it cannot be brought under subsection (6) which is reserved for "any other reason justifying relief." See Bliss v. Sky High Inc., 2002 UT App 255U, para. 7, 2002 WL 1766706 (concluding that because appellant argued for relief under rule 60(b)(1) "he cannot [also] ask for relief under 60(b)(6)"). Subsection (6) of the rule does not apply, "[blecause [it] is meant to operate as a resid-vary clause, [and] may not be relied upon if the asserted grounds for relief fall within any other subsections of rule 60(b)." Menzies, 2006 UT 81, 171, 150 P.3d 480. Therefore, because Stocks's stated reasons for the relief he sought in the district court fall within the *330 seope of rule 60(®b)(1), he may not avail himself of subsection (6).
$16 Although Stocks explained to the district court that he "made a mistake," it is this claimed "mistake" that seems to be his "excuse" for neglecting the request for discovery, the motion for summary judgment, and the notice to submit for decision. But Stocks's actions do not qualify for relief - as excusable neglect. The Utah Supreme Court has defined excusable neglect as "the exercise of due diligence by a reasonably prudent person under similar - cireum-stances." - Mini Spas Inc. v. Industrial Comm'n of Utah, 788 P.2d 180, 182 (Utah 1987) (per curiam) (citation and internal quotation marks omitted); see also Sewell v. Xpress Lube, 2018 UT 61, 29, 821 P.3d. 1080 ("Due diligence is established where the failure to act was the result of ... the neglect one would expect from a reasonably prudent person under similar cireumstances." (omis-gion in original) (citation and internal quotation marks omitted)). "[Whhile a party need not be perfectly diligent in order to obtain relief, some diligence is necessary" in order for the neglect to be considered excusable. See Jones v. Loyton/Okland, 2009 UT 39, 1 23, 214 P.8d 859. In determining whether a party has exercised due diligence, the district court must consider whether the actions of the party seeking relief were "sufficiently diligent and responsible, in light of the attendant cireumstances, to justify excusing it from the full consequences of its neglect." Id. 122. Therefore,
-- [tlo grant relief on the ground of excusable neglect where a party has exercised no diligence at all, but simply because other equitable considerations might favor it, subverts the purpose of the excusable neglect inquiry, Rule 60(b)'s use of 'exeusa-ble' as a modifier of 'neglect' makes clear that mere meglect alone is an insufficient justification for relief,
Id. " 28 (emphasis added).
[ 17 Stocks's inaction cannot qualify as excusable neglect. In response to Asset Acceptance's complaint, Stocks filed an answer asserting the affirmative defense that Asset Acceptance's claim was barred by the four-year statute of limitations under section 78B-2-307 of the Utah Code. Asset Acceptance then served Stocks with its first set of discovery requests, which included both a request for production of documents and requests for admission. . With respect to the requests for admission, - Asset - Acceptance - explicitly warned Stocks-in a large-type, bolded "IMPORTANT NOTICE TO DEFENDANT'that "[ulnder Rule 36 of the Utah Rules of Civil Procedure the Requests for Admission shall be deemed admitted umless you respond to the Requests within 28 days after service," and repeated that warning as an introduction to the admission requests themselves. (Emphasis in original.) The discovery requests further cautioned Stocks in bold print that if he did not respond, Asset Acceptance could "move to have the Court enter judgment against [him] if certain matters in [the] action [were] deemed admitted based on [his] failure to respond timely." Yet Stocks made no effort to respond. . Asset Acceptance then filed a motion for summary judgment based on Stocks's deemed admissions, just as it had warned him it could. Stocks again failed to respond, despite the admonition contained in the motion for summary judgment itself, stating that he was "on notice that failure to respond to this motion within ten (10) days of the date of mailing may result in the Court granting the motion and/or entering a judgment" and advising him that his "[alnswer filed in this matter is insufficient as a response to this motion." Stocks again failed to respond. Asset Acceptance then filed a request to submit the matter for decision, and, again because Stocks failed to respond, the district court granted summary judgment in favor of Asset Acceptance. In doing so, the district court stated, "No opposition to the Motion [for summary judgment] has been filed and the time to do so has now passed." Although Stocks did file an answer to the original complaint, he did nothing else until after judgment was awarded to Asset Acceptance.
18 Stocks does not assert.that he did not receive the requests for discovery, the motion for summary judgment, or the notice to submit for. decision; rather, he simply says, "I didn't realize that I had to respond to each and every claim that they had made, and I *331 thought the initial response that ... said it was a time-barred statute was sufficient," Therefore, it seems there are only two plausible scenarios explaining Stocks's failure to respond. Either Stocks chose not to read the documents and thus did not see the large bold-print notices informing him that he must respond or he read the documents but consciously chose to disregard the warnings and not respond. Neither of these scenarios qualifies as excusable neglect under rule 60(b).
119 If Stocks failed to read the documents, then he did not exercise the appropriate level of diligence required to excuse his neglect, because his complete lack of action does not meet the standard required, i.e., "the exercise of due diligence by a reasonably prudent person under similar circumstances." - Mini Spas Inc., 7383 P.2d at 182 (citation and internal quotation marks omitted); see also Jores, 2009 UT 89, 23, 214 P.8d 859 ("To grant relief on the ground of excusable neglect where a party has exercised no diligence at all ... subverts the purpose of the excusable neglect inquiry." (emphasis added)). "[DTiligence on the part of the party claiming excusable neglect is an essential element of [the] inquiry, and relief may not be granted based on other equitable considerations where a party has exercised no diligence at all," Bodell Constr. Co. v. Robbins, 2014 UT App 208, T10, 334 P.S8d 1004 (citation and internal quotation marks omitted). And while we acknowledge that "a party need not be perfectly diligent in order to obtain relief" under rule 60(b), "some diligence is necessary." Jones 2009 UT 39, $23, 214 P.3d 859. Under this seenario, failing to read the documents after receiving them does not qualify as excusable neglect that relieves Stocks from judgment. -
$20 The other possibility, which seems a reasonable inference from his state-. ment to the district court, is that Stocks read the documents and chose not to respond because he "believed that the response given to the original complaint was sufficient" and therefore "no other actions nor further filings were needed." But to take this course, Stocks would have had to disregard the specific perils the documents themselves warned of, including the possibility that Asset Acceptance might seek judgment against him if he failed to respond to the requests for admission and the warning that judgment could result if he failed to respond to Asset Acceptance's subsequent motion seeking 'such a Judgment, His explanation is that he continued to hold to his belief that no response was required because he had stated a limitations defense in his answer, despite a specific admonition in the summary judgment motion itself that his answer was an insufficient response to the motion. Stocks characterizes this belief as a "mistake," and it is this mistake that Stocks seems to intertwine with his claim of excusable neglect, . But such a mistake cannot be deemed an innocent error or neglect worthy of judicial relief where it involves hewing to a course of action in disregard of repeated warnings that serious harm may result. Rather, this is a path that no reasonably prudent person would follow in the face of such risk, See Cadlerock Joint Venture II LP .v, Envelope Packaging Utah Inc., 2011 UT App 98, 1 9, 251 P.3d 887 (concluding that the district court did not abuse its discretion in finding that a party's neglect was not excusable even though the party "claim[ed] ... it was unfamiliar with Utah Rules of Civil Procedure" (omission in original) (internal quotation marks omitted)); Serrato v. Utah Transit Auth., 2000 UT App 299, 18 n. 5, 18 P.8d 616 (noting that "[a] reasonably prudent person would not misread such a straightforward important legal document" as the one at issue in this case); Meadow Fresh Forms Inc. v. Utah State Univ. Dept of Agric. & Applied Sci, 813 P.2d 1216, 1218-20 (Utah Ct.App.1991) (concluding plaintiffs "lack of communication with counsel," failure to appear at hearing, and confusion regarding the proceedings did not meet the exeusable neglect standard, because a reasonably prudent person under similar cireumstances would have followed the court's order to appear). Moreover, "a party who simply misunderstands or fails to predict the legal consequences of his deliber«ate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." - Yapp v. Excel Corp., 186 F.3d 1222, 1281 (10th Cir,1999).
*332 {21 Thus, based on the undisputed facts before the district court, Stocks's complete lack of action in response to Asset Acceptance's discovery requests, motion for summary judgment, and notice to submit for decision despite repéated warnings of potential adverse consequences of grave significance cannot qualify as excusable neglect or mistake under rule 60(b) of the Utah Rules of Civil Procedure. 'We therefore conclude as a matter of law that Stocks is not entitled to relief from the default judgment,. See Shamwrock Plumbing LLC v. Silver Baron Partners LC, 2012 UT App 70, 11 6-7, 277 P.3d 649 (reversing the trial court's grant of a rule 60(b) motion to set aside the judgment on grounds of excusable neglect on the basis that "Funder the cireamstances, [defendants] appear to have exercised no diligence at all; thus, the relief afforded by the trial court was not justified" (internal quotation marks omitted)).
CONCLUSION
22 The district court based its denial of Stocks's rule 60(b) motion on whether the statute of limitations. barred Asset Acceptance's claim, but "[1]t is well-established that an appellate court may affirm" a district court's order if the order "is sustainable on any legal ground or theory apparent on the record." - Orton v. Carter, 970 P.2d 1254, 1260 (Utah 1998) (citation and internal quotation marks omitted); see also Johnson v. Johnson, 2010 UT 28, 118, 284 PBd 1100 ("[Whe are free to affirm the dismissal on any grounds apparent from the record."). Based on the und1sputed facts in the record of the proceedmgs in the dmtrlct court, it is clear that Stocks failed to act. as a reasonably prudent person would in similar ciream-stances. Accordmgly, we affirm the district court's dermal of his rule 6003) motion on that basis.

. Although Stocks states that he "did not answer the summons and complaint," he did in fact timely answer the complaint. In context, it appears that Stocks intended this statement to mean that he did not answer the discovery requests or motion for summary judgment because he "believed that the response given to the original complaint was sufficient."

. For example, some states have determined that their statute of limitations for open accounts, as opposed to the statute of limitations for written contracts, should apply to credit cards. See, eg., Portfolio Acquisitions LLC v. Feltman, 391 Ill. App.3d 642, 330 Ill.Dec. 854, 909 N.E.2d 876, 884 (2009); Smither v. Asset Acceptance LLC, 919 N.E.2d 1153, 1160 (Ind.Ct.App.2010); Gemini Capital Group v. New, No. 10-1096, 2011 WL 3925723, at *3 (Iowa CtApp. Sept. 8, 2011); Capital One Bank v. Creed, 220 S.W.3d 874, 877-78 (Mo.Ct.App.2007); Colorado Nat'l Bank of Denver v. Story, 261 Mont. 375, 862 P.2d 1120, 1122 (1993). Other states have reached the opposite conclusion and apply the longer statute reserved for contracts in writing. See, eg., Hill v. American Express, 289 Ga.App. 576, 657 $.E.2d 547, 548 (2008); Unifund CCR LLC v. Lowe; 159 Idaho 750, 367 P.3d 145, 148-49 (2016). »

. In its briefing, Asset Acceptance states, "The trial court record regarding the writings upon which the credit agreement in this case was founded was not fully developed." And as a consequence, "[alnother case with a fully-developed record regarding the writings supporting the credit card agreement may be better suited for this Court's determination of the issue. As such, the Court may be better served by not reaching a determination on the statute of limitations issue by way of this case."

, We note that both parties have briefed the issue of whether Stocks is entifled to relief under rule 60(b) for either mistaice or excusable neglect.

. Although Stocks acknowledges that the district court's statement is "not as explicit as it could have been," he maintains that the district court implicitly "found a basis for relief" in his claims of excusable neglect and mistake because the court stated that it "could set aside the judgment and ... then consider a motion for summary judgment on the grounds that it's a six-year statute that applies, or [the court] could determine that there's really no point in granting a motion to set aside because a six-year statute is what applies." (Emphasis added.) The dissent reaches the same conclusion, Le., that the district court implicitly ruled in favor of Stocks's claim of excusable neglect before it proceeded to consider whether Stocks had a meritorious defense. Infra \ 24.
We interpret the court's statement differently. Here, the court not only failed to "make any explicit finding regarding due diligence," see Shamrock Plumbing LLC v. Silver Baron Partners LC, 2012 UT App 70, 14, 277 P.,3d 649, but it did not even mention the issue in its ruling. Given that omission, the court's bare statement that it "could set aside the judgment" does not seem to support a reasonable inference that the court had fully considered the circumstances and determined that Stocks had established a reasonable excuse for his neglect of the proceedings. Rather, it is reasonable to conclude that the court simply skipped that step and proceeded directly to the question of whether there was a meritorious defense, describing only hypothetically: what would. happen, if the court granted relief and without meaning to imply that it had determined that Stocks had shown a basis for it.

. Rule 60(b)(2) allows for postjudgment rehef based upon "newly -disgovered evidence which by due diligence could not have been discovered in time fo move for a new trial." Utah R. Civ. P. 60(b)(2). Although Stocks cited rule 60(b)@2) in his motion to set aside the judgment and- stated in his affidavit in support of that motion that he had "newly discovered evidence that will indicate that this is a time barred claim and would allow for the judgment to be set aside," he did not present any new evidence either at the hear- © ing or in his reply to Asset Acceptance's opposition to his motion. 'Accordingly, we need not consider Stocks's claim of newly discovered evidence, precisely because he did not present any.