**2020 UT App 164**

# THE UTAH COURT OF APPEALS

UDAK PROPERTIES LLC,
Appellee,
*v.*
SPANISH FORK, UT REALTY LLC,
Appellant.

Opinion
No. 20190821-CA
Filed December 10, 2020

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 160400059

Kenneth A. Okazaki, Bruce Wycoff, and Taryn N.
Evans, Attorneys for Appellant

Greggory J. Savage, Gregory S. Roberts, and Carol A.
Funk, Attorneys for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES GREGORY K. ORME and DAVID N. MORTENSEN concurred.

HAGEN, Judge:

¶1     Spanish Fork, UT Realty LLC (SFUR) appeals from the district court's grant of declaratory relief (Original Judgment) to UDAK Properties LLC declaring that UDAK is a "Responsible Owner" under a restrictive covenant binding the parties. SFUR argues that the provision is unambiguous and provides that UDAK is not a Responsible Owner. Alternatively, SFUR argues that even if the provision is ambiguous, we should reverse because the district court made two evidentiary errors. SFUR also challenges the attorney fees awarded to UDAK (First Supplemental Judgment). Finally, SFUR claims that the district court incorrectly concluded that its tender of judgment was legally insufficient and that UDAK was entitled to an award of

additional attorney fees (Second Supplemental Judgment). Because SFUR filed a timely notice of appeal from the Second Supplemental Judgment only, we conclude that we lack jurisdiction to review the district court's rulings that became final and appealable upon entry of the First Supplemental Judgment. We further conclude that SFUR's tender was invalid and that the district court properly awarded attorney fees in the Second Supplemental Judgment in connection with the invalid tender. Accordingly, we affirm.

BACKGROUND

¶2     This appeal stems from a disagreement as to the meaning of the term "Responsible Owner" in a restrictive covenant (Declaration) that binds the owners of parcels in a shopping center in Spanish Fork, Utah. The consent of Responsible Owners is required before constructing or modifying buildings in the shopping center.

¶3     SFUR is the owner of the shopping center parcel referred to as the "Kmart Parcel" in the Declaration. After a dispute arose as to whether UDAK was a Responsible Owner, UDAK filed a declaratory relief action, naming the other property owners in the shopping center as co-defendants. UDAK sought a declaration that "it is a Responsible Owner, and that it possesses all the rights provided to Responsible Owners in the Declaration."

¶4     SFUR, along with its two co-defendants, counterclaimed, seeking a declaration that UDAK was not a Responsible Owner.[1]

---

1. Canyon Creek Commercial Center LLC filed a separate appeal, which we also decide today. *See UDAK Properties LLC v. Canyon Creek Com. Center LLC*, 2020 UT App 163. The other defendant/counterclaimant did not appeal.

The court found that the Responsible Owner provision of the Declaration was "facially ambiguous as a matter of law," and set the matter for a bench trial. After conclusion of the trial, the court ruled that UDAK was a Responsible Owner and entered the Original Judgment, indicating that UDAK was entitled to its reasonable attorney fees in an amount to be determined. SFUR did not file a notice of appeal after the entry of the Original Judgment. On November 1, 2018, the court awarded UDAK $251,498.65 in attorney fees in the First Supplemental Judgment. SFUR did not file a timely notice of appeal.

¶5      In an apparent effort to satisfy the judgment while still preserving its right of appeal, SFUR filed a document titled "Tender of Judgment Amount Plus Accrued Interest" to which it attached a photocopy of a check made out to UDAK for the total judgment. The actual check was never sent to UDAK. Shortly thereafter, SFUR filed a document titled "Motion for Order Abating Interest and Declaring Money Judgment Satisfied." The court denied the motion, concluding that SFUR had not made a valid tender and granting UDAK additional attorney fees. The Second Supplemental Judgment, awarding UDAK an additional $27,979 in attorney fees, was entered on September 5, 2019.

¶6      On October 2, 2019, less than thirty days after the Second Supplemental Judgment, SFUR filed its notice of appeal.


ANALYSIS

¶7      SFUR urges us to reach a number of issues on appeal related to the Original Judgment ruling that UDAK is a Responsible Owner, the First Supplemental Judgment awarding attorney fees, and the Second Supplemental Judgment rejecting SFUR's invalid tender and awarding additional attorney fees. As a threshold matter, we first consider UDAK's argument that, because SFUR did not file its notice of appeal until October 2, 2019, this court lacks jurisdiction to hear all but SFUR's last

claim. Specifically, UDAK claims that the First Supplemental Judgment, "relating to enforcement of the underlying ruling, constituted a 'separate judgment[] . . . individually subject to the rules of appellate procedure concerning appeals.'" (Quoting *Ross v. Barnett*, 2018 UT App 179, ¶ 20 n.6, 436 P.3d 306.)

¶8     "Whether appellate jurisdiction exists is a question of law which we decide in the first instance." *State v. Alvarez*, 2020 UT App 126, ¶ 14, 473 P.3d 655 (cleaned up). "We have jurisdiction to review only those rulings from which a timely notice of appeal was filed." *Ross*, 2018 UT App 179, ¶ 18. Rule 4(a) of the Utah Rules of Appellate Procedure directs a party to file an appeal "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." *A.S. v. R.S.*, 2017 UT 77, ¶ 35 n.12, 416 P.3d 465 (cleaned up).

¶9     Here, the notice of appeal was filed on October 2, 2019. Only the Second Supplemental Judgment falls within the preceding thirty-day period. In the Second Supplemental Judgment, the district court, having concluded that SFUR's tender was invalid, awarded attorney fees to UDAK for work done in connection with SFUR's purported tender and related motions. Accordingly, we have jurisdiction over SFUR's claim that the "tender was legally sufficient and provided no basis for an attorney-fee award."

¶10    All the remaining issues on appeal relate to rulings made prior to the entry of the First Supplemental Judgment. Nevertheless, quoting *North Fork Special Service District v. Bennion*, 2013 UT App 1, 297 P.3d 624, SFUR invokes the merger of judgment doctrine and argues that "[e]ach ruling in this case before the district court's [Second Supplemental Judgment] . . . was 'one link in the chain of rulings leading to' that final Amended Judgment." *See id.* ¶ 18. SFUR reasons that once the

Second Supplemental Judgment was entered, all other orders merged into one final, appealable judgment.

¶11   SFUR's arguments misapply the merger of judgment doctrine. The district court resolved all outstanding issues between the parties when it awarded attorney fees incurred in connection with the declaratory action and entered the First Supplemental Judgment. Accordingly, "all preceding interlocutory rulings that were steps toward final judgment," including prior evidentiary rulings and the declaration that UDAK is a Responsible Owner, "merge[d] into the final judgment and [became] appealable at that time." *See Butler v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*, 2014 UT 41, ¶ 24 n.6, 337 P.3d 280 (cleaned up). Although the filing of certain post-judgment motions can extend the time for filing a notice of appeal, SFUR's purported tender, along with its "Motion for Order Abating Interest and Declaring Money Judgment Satisfied," does not fit within any of the post-judgment motions listed in rule 4(b) of the Utah Rules of Appellate Procedure. Therefore, the time to appeal the district court's ruling that UDAK is a Responsible Owner, any subsidiary evidentiary rulings, and the award of attorney fees incurred by UDAK in the underlying action began to run when the First Supplemental Judgment was entered on November 1, 2018. Because SFUR's notice of appeal was not filed within thirty days of the First Supplemental Judgment, we lack jurisdiction to consider SFUR's challenges to any of the rulings that merged into that final judgment.

¶12   On the other hand, SFUR filed a timely notice of appeal from the Second Supplemental Judgment, which was a separate and distinct order. "The initial action resulting in a final judgment and the subsequent action seeking enforcement of that judgment are separate proceedings, each resulting in separate judgments that are then individually subject to the rules of appellate procedure concerning appeals." *Cheves v. Williams*,

1999 UT 86, ¶ 52, 993 P.2d 191 (cleaned up). The district court's post-judgment ruling on whether SFUR's purported tender satisfied the judgment was independently appealable so long as it was final. *See Cahoon v. Cahoon*, 641 P.2d 140, 142 (Utah 1982) (explaining that the "final judgment rule does not preclude review of postjudgment orders," which "are independently subject to the test of finality, according to their own substance and effect"). Because the Second Supplemental Judgment is final—and UDAK does not suggest otherwise—we have jurisdiction to consider SFUR's challenge to that post-judgment ruling.

¶13    We reject SFUR's challenge to the Second Supplemental Judgment on the merits. For the same reasons set forth in our opinion resolving the companion appeal by co-defendant Canyon Creek Commercial Center LLC, *UDAK Properties LLC v. Canyon Creek Com. Center LLC*, 2020 UT App 163, the district court correctly determined that SFUR's purported tender was invalid and properly awarded UDAK the attorney fees it incurred as a result of those post-judgment proceedings. *See id.* ¶¶ 31–36.

¶14    We further grant UDAK's request for its reasonable attorney fees in connection with this appeal. "A party entitled by contract or statute to attorney fees below and that prevails on appeal is entitled to fees reasonably incurred on appeal." *Federated Cap. Corp. v. Abraham*, 2018 UT App 117, ¶ 15, 428 P.3d 21 (cleaned up). Because the district court awarded UDAK attorney fees below pursuant to the Declaration, UDAK is entitled to fees as the prevailing party on appeal.

CONCLUSION

¶15    We conclude that we lack jurisdiction to hear most of SFUR's claims on appeal. With respect to the one issue over which we have jurisdiction, we conclude that the district court

correctly determined that the tender was invalid and properly awarded attorney fees under the Declaration. We therefore affirm and remand to the district court to calculate the amount of attorney fees UDAK reasonably incurred on appeal.

_____