*This opinion is subject to revision before final publication in the Pacific Reporter*

**2023 UT 23**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee*,

*v.*

JESSE ROGER OGDEN,
*Appellant*.

No. 20210359
Heard May 15, 2023
Filed October 12, 2023

On Direct Appeal

Second District, Ogden
The Honorable Joseph M. Bean
No. 131902263

Attorneys:

Sean D. Reyes, Att'y Gen., Christopher A. Bates, Asst. Solic. Gen.,
Salt Lake City, for appellee

Patricia Geary Glenn, Park City, for appellant

JUSTICE HAGEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE POHLMAN joined.

JUSTICE HAGEN, opinion of the Court:

### INTRODUCTION

¶1 In 2014, Jesse Roger Ogden pled guilty to two counts of attempted aggravated sexual abuse of a child. Six years later, he filed a motion under rule 60(b)(6) of the Utah Rules of Civil Procedure, which allows a court to grant relief from a judgment under certain circumstances. Ogden alleged that his conviction should be set aside because his counsel provided ineffective assistance during his plea and sentencing proceedings due to an actual conflict of interest that

could not be waived. Ogden never challenged his conviction via a direct appeal or under Utah's Post-Conviction Remedies Act (PCRA).

¶2 The district court denied Ogden's rule 60(b)(6) motion. It explained that even if Ogden had a viable ineffective assistance of counsel claim, rule 60(b)(6) was not the appropriate vehicle and Ogden should have brought the claim in a petition under the PCRA.

¶3 On appeal, Ogden argues that the "unusual and exceptional circumstances" underpinning his rule 60(b)(6) motion place his claim for relief outside the scope of the PCRA. We disagree. Ogden's claim of ineffective assistance of counsel falls squarely within the ambit of the PCRA. Because Ogden's challenge to his conviction could have been brought in a petition for post-conviction relief, we affirm the district court's denial of Ogden's rule 60(b)(6) motion.

## BACKGROUND

¶4 In November 2013, Ogden was charged with one count of sodomy upon a child and one count of aggravated sexual abuse of a child for acts he committed against his daughter (Victim).[1] Both crimes carried a presumptive sentence of fifteen years to life. Ogden retained attorney Bradley Schofield to represent him.

¶5 In a January 2014 district court hearing in Ogden's criminal case, Schofield raised the issue of a possible conflict. Schofield explained to the court that he had previously represented Ogden in Ogden's 2008 divorce from Victim's mother (Mother). Schofield also explained that a few months before the State brought criminal charges against Ogden, he had agreed to represent Mother's then-current husband in an action to modify alimony payments to his previous wife.[2] Schofield indicated he did not believe that his representation of Ogden in the pending criminal matter posed a conflict because Ogden had admitted to the criminal conduct. Schofield explained that his aim in the criminal case was to get Ogden the "best deal" possible and to "get him out of the minimum mandatory sentence and guideline."

---

[1] We summarized the factual history behind Ogden's criminal conviction in our review of his challenge to the district court's restitution award. *See State v. Ogden*, 2018 UT 8, ¶¶ 3–6, 416 P.3d 1132.

[2] Ogden alleges that Schofield later refused to represent him in a civil suit brought by Mother, seeking damages for Ogden's abuse of Victim. Ogden claims Schofield cited the potential conflict posed by his representation of Mother's husband in the unrelated alimony modification suit. This fact was never disclosed to the district court.

¶6 The district court investigated the possible conflict further, asking whether Schofield had ever represented Victim or Mother. Schofield confirmed that he had not.

¶7 The court then turned to Ogden, asking whether he understood the "dynamics" of the situation and whether he understood the issue. Ogden asserted that he understood and was not concerned about the possible conflict. The court assured Ogden that if he felt like he needed to retain a different attorney, the court would give him time to do so.

¶8 The State acknowledged that a conflict existed but indicated that it would be satisfied with Ogden waiving the conflict—so long as there was "a very good record" showing that Ogden understood he might not receive the resolution he was looking for.

¶9 The district court judge then explained to Ogden:

> [I]f you don't like what they offer and this ends up going to trial and you get convicted, that somehow on appeal you're going to raise this as an issue. That's what I think the State is concerned about is that you're telling me one thing and six months from now you might come back and say oh, wait a minute. Let's start over, . . . I should never have had Mr. Schofield as my attorney.

Ogden again stated that he understood. The court pressed further, asking Ogden if he wanted time to talk to another lawyer first, but Ogden declined the offer. The court found that Ogden waived any possible conflict arising from Schofield's representation.

¶10 In March 2014, Ogden pled guilty to two counts of attempted aggravated sexual abuse of a child—a first degree felony with a lesser sentence of three years to life. Not long after Ogden's sentencing, Schofield withdrew as Ogden's counsel, and new counsel was appointed to represent Ogden in restitution proceedings. Ogden never directly appealed his criminal conviction, nor did he file any claim for relief under the PCRA.

¶11 The district court ordered Ogden to pay over $2.2 million to Victim. Ogden then obtained new counsel and appealed the restitution order. We vacated the restitution order, clarified the relevant legal standard, and remanded to the district court to recalculate restitution. *State v. Ogden*, 2018 UT 8, ¶ 66, 416 P.3d 1132.

¶12 On remand, Ogden again obtained new counsel. Over a year after the criminal restitution proceedings resumed on remand, and six years after Ogden's conviction, Ogden moved under rule 60(b)(6) of the Utah Rules of Civil Procedure to vacate his conviction.

¶13 Ogden argued that his conviction had been entered in violation of his constitutional right to conflict-free counsel. Ogden reasoned that Schofield had been operating under an actual conflict of interest when he represented Ogden during the plea and sentencing proceedings and that the conflict was not waivable. In Ogden's view, this type of claim differed from an ineffective assistance of counsel claim under the PCRA, making a rule 60(b)(6) motion the appropriate avenue for relief.

¶14 The State opposed Ogden's rule 60(b)(6) motion, arguing that it lacked merit and was procedurally barred. The State contended that the district court had adequately inquired into any possible conflict and that, even if a conflict did exist, Ogden waived it and consented to Schofield's continued representation. Further, the State argued that Ogden should have brought his claim as a direct appeal or under the PCRA. And because he did not do so in a timely manner, his claim was barred. The State also argued that even if rule 60(b)(6) was an appropriate avenue for relief, Ogden did not bring the motion within a reasonable time because he filed it more than six years after his conviction.

¶15 After holding oral argument on the matter, the district court denied Ogden's rule 60(b)(6) motion. The court concluded that even if there was a conflict of interest, it was attenuated at best, and Ogden had waived it in open court. The court also found that Ogden could have, and should have, brought his claim as a direct appeal or under the PCRA. And, in any event, the court determined, Ogden's rule 60(b)(6) motion was untimely.

¶16 Ogden then filed this appeal.

## ISSUE AND STANDARD OF REVIEW

¶17 The issue before us is whether the district court erred in denying Ogden's rule 60(b)(6) motion.[3] We generally review a denial of a rule 60(b) motion for abuse of discretion. *In re Estate of Willey*, 2016 UT 53, ¶ 5, 391 P.3d 171. But we review "the legal conclusions embedded in the district court's denial of [a] rule 60(b) motion" for correctness. *State v. Boyden*, 2019 UT 11, ¶ 22, 441 P.3d 737.

---

[3] Ogden also filed a rule 23B motion seeking remand to develop the record to support his conflict of interest claim. *See generally* UTAH R. APP. P. 23B(a). Because we hold that Ogden cannot pursue that claim in this rule 60(b) proceeding, he is not entitled to a rule 23B remand.

## ANALYSIS

¶18 Ogden contends that the district court erred when it denied his rule 60(b)(6) motion to set aside his criminal conviction. The court denied Ogden's motion on three alternative grounds: (1) there was no conflict of interest in Schofield's representation, or even if there was, it had been waived; (2) Ogden should have brought his claim as a direct appeal or under the PCRA rather than in a rule 60(b)(6) motion; and (3) Ogden's rule 60(b)(6) motion was untimely in any event. We do not reach grounds one and three because we hold that rule 60(b) is not a proper vehicle for Ogden's challenge. Ogden cannot invoke rule 60(b) to challenge his conviction based on his trial counsel's alleged conflict of interest because such a claim could have been brought in a petition for post-conviction relief.

¶19 Rule 60(b) of the Utah Rules of Civil Procedure provides that a court "may relieve a party . . . from a judgment, order, or proceeding" under certain circumstances, including mistake, newly discovered evidence, fraud, or faulty judgment. UTAH R. CIV. P. 60(b); *see also Kell v. State*, 2012 UT 25, ¶ 13, 285 P.3d 1133. Broadly speaking, rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Kell*, 2012 UT 25, ¶ 16 (cleaned up). The rule's purpose "is to make an exception to finality when the strong interest in the finality of judgments is outweighed by the paramount importance of preserving our courts as arbiters of just and equitable proceedings." *State v. Boyden*, 2019 UT 11, ¶ 29, 441 P.3d 737 (cleaned up).

¶20 To that effect, subsection (6) is a catch-all provision that permits a court to "relieve a party . . . from a judgment, order, or proceeding for . . . any other reason that justifies relief." UTAH R. CIV. P. 60(b)(6); *see also Honie v. State*, 2014 UT 19, ¶ 87, 342 P.3d 182. But rule 60(b)(6) "should not be understood to be a substitute for appeal." *Kell*, 2012 UT 25, ¶ 18 (cleaned up). Subsection (6) "should be very cautiously and sparingly invoked by the court only in unusual and exceptional circumstances." *Id.* (cleaned up); *see also Archuleta v. Galetka*, 2011 UT 73, ¶ 168, 267 P.3d 232. To constitute "unusual and exceptional circumstances," there "would have to be circumstances that did not manipulate or circumvent the [PCRA]." *Kell*, 2012 UT 25, ¶ 22.

¶21 Ogden cannot resort to rule 60(b)(6) because its application would conflict with the statutory requirements of the PCRA. Although the Utah Rules of Civil Procedure "govern in any aspect of

criminal proceedings where there is no other applicable statute or rule," the application of those rules cannot "conflict with any statutory or constitutional requirement." UTAH R. CIV. P. 81(e). Ogden seeks to have his criminal conviction set aside. The PCRA "sets forth the manner and extent to which a person may challenge the legality of a criminal conviction and sentence after the conviction and sentence have been affirmed in a direct appeal under Article I, Section 12 of the Utah Constitution, or the time to file such an appeal has expired." *Id.* R. 65C(a); *see also* UTAH CODE §§ 78B-9-101 to -503. The PCRA "establishes the sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal," and it "replaces all prior remedies for review." UTAH CODE § 78b-9-102(1)(a).

¶22 When the PCRA and rule 60(b) are in direct conflict, "the PCRA prevails." *Kell*, 2012 UT 25, ¶ 25. "[R]ule 60(b) may not circumvent conflicting statutory mandates if a statute occupies the field that would otherwise be controlled by rule 60(b)." *Id.* ¶ 28. While "[r]ule 60(b) might have application in cases even where we have already affirmed the district court's underlying decision, . . . those circumstances will be particularly extraordinary and we will be particularly stingy about its use." *Id.* ¶ 37. "Thus, while the PCRA does not fully extinguish the relevance of rule 60(b), it limits the rule's application." *Boyden*, 2019 UT 11, ¶ 34 (cleaned up). Accordingly, "when a 60(b) motion acts as a substitute for a prohibited postconviction petition, we cannot allow its use." *Kell*, 2012 UT 25, ¶ 28.

¶23 Ogden never brought a petition under the PCRA, but he contends that a rule 60(b)(6) motion is nonetheless appropriate because he has already served his sentence.[4] In Ogden's view, this "procedural posture" creates "precisely the unusual and exceptional circumstances" contemplated by this court's acknowledgement of the "tension between finality and fairness." (Citing *Id.* ¶ 16.)

¶24 Ogden relies on two cases in which we have allowed a party to avail itself of rule 60(b)(6) in a proceeding arising from a criminal conviction. But neither case involved a defendant seeking to set aside the underlying conviction.

¶25 In the first case, *Menzies v. Galetka*, we set aside a default judgment in a post-conviction proceeding due to appointed counsel's gross negligence. *Menzies*, 2006 UT 81, ¶¶ 109–11, 150 P.3d 480. We concluded that defense counsel "willfully disregarded nearly every

---

[4] Ogden is no longer incarcerated.

aspect" of the case, effectively defaulting the "entire post-conviction proceeding, resulting in the dismissal of [the] case." *Id.* ¶ 24. We also acknowledged that additional considerations come into play when the rule 60(b) motion concerns a default judgment. *See id.* ¶¶ 63–64. And we set aside only the post-conviction default judgment, not the underlying criminal conviction. *See id.* ¶ 119.

¶26 In subsequent cases involving attempts to set aside post-conviction judgments based on attorney conduct, we have identified the "extraordinarily derelict representation" in *Menzies* as the factor that justified relief under rule 60(b). *See Archuleta*, 2011 UT 73, ¶ 17 n.14. And we have held that rule 60(b) is not available where the alleged ineffective assistance of post-conviction counsel did not rise to the level of attorney misconduct in *Menzies*. *See id.* But, importantly, each of those cases involved a motion to set aside a post-conviction judgment based on ineffective assistance of post-conviction counsel, not a motion to vacate a conviction or sentence based on ineffective assistance of trial counsel. *See, e.g.*, *Honie*, 2014 UT 19, ¶ 1 (addressing rule 60(b) motion "to set aside the postconviction court's final judgment"); *Archuleta*, 2011 UT 73, ¶ 17 (addressing rule 60(b) motion to set aside the "order denying habeas corpus relief on [defendant's] post-conviction claims").

¶27 In contrast, because Ogden did not pursue a PCRA claim, he has no claim of ineffective assistance of post-conviction counsel and no post-conviction judgment to set aside under rule 60(b). Instead, he asserts ineffective assistance of trial counsel as a basis to vacate his conviction. And the PCRA provides "the sole remedy for any person who challenges a conviction or sentence for a criminal offense." UTAH CODE § 78b-9-102(1)(a). Accordingly, there is no need for us to examine whether the alleged conflict of interest in this case rises to the level of the extreme and unusual circumstances present in *Menzies* that would justify relief under rule 60(b)(6)'s catch-all provision. Because the PCRA occupies the field, rule 60(b) simply does not apply where a defendant alleges ineffective assistance of trial counsel as a basis to vacate a conviction.

¶28 The second case on which Ogden relies, *State v. Boyden*, does involve a motion to set aside a conviction under rule 60(b), but presents extraordinary circumstances in which the motion was brought by the State. *Boyden*, 2019 UT 11, ¶¶ 2, 37. The State in *Boyden* sought to overturn a conviction because the defendant, although guilty, was convicted using someone else's identity—a fact not discovered until the prison intake process. *Id.* ¶¶ 6–8. We held that rule 60(b) was the appropriate mechanism for the State's challenge because the PCRA did not authorize the State to challenge the

conviction and there was no other avenue for the State to bring its claims. *Id.* ¶¶ 2, 37.

¶29 Conversely, the PCRA squarely applies when a criminal defendant challenges a conviction. Therefore, unlike the State in *Boyden*, Ogden could have availed himself of the PCRA to challenge his conviction.

¶30 In short, neither case Ogden cites involved a defendant challenging the legality of a conviction or sentence. In *Menzies*, the defendant was seeking to vacate a post-conviction default judgment, not his conviction. And in *Boyden*, the motion to vacate the conviction was brought by the State, not by the defendant. The relief sought in each case was outside the scope of what the PCRA could provide.[5]

¶31 Here, the PCRA applies to Ogden's request to set aside his conviction based on his trial counsel's alleged conflict of interest. A claim of "ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution" is a cognizable claim under the PCRA. UTAH CODE § 78B-9-104(1)(d); *see, e.g.*, *Arriaga v. State*, 2020 UT 37, ¶¶ 44–45, 469 P.3d 914 (affirming denial of PCRA claim based on ineffective assistance of counsel).[6] And "we have held that the right to counsel includes the right to counsel free from conflicts of interest." *Menzies v. State*, 2014 UT 40, ¶ 156, 344 P.3d 581 (cleaned up), *abrogated on other grounds by McCloud v. State*, 2021 UT 51, 496 P.3d 179.

---

[5] We also note that two justices of this court have suggested that a defendant could challenge the entry of a plea in abeyance under rule 60(b)(6) because a successful plea in abeyance is not a conviction that can be challenged under the PCRA. *See Meza v. State*, 2015 UT 70, ¶¶ 19–28, 359 P.3d 592 (majority opinion in part and plurality opinion in part). In *Meza*, the defendant claimed he had received ineffective assistance of counsel in entering his plea in abeyance. *Id.* ¶ 4. Because he successfully completed the plea, no conviction was entered. *Id.* ¶ 3. The majority of this court affirmed the district court's dismissal of the defendant's PCRA petition, holding that because no conviction had been entered, the PCRA did not apply. *Id.* ¶¶ 2, 14–18. And, in the view of two justices, because the defendant could not bring his claim under the PCRA, rule 60(b)(6) was the appropriate mechanism for the defendant to challenge his plea. *Id.* ¶¶ 2, 19–28.

[6] Utah Code section 78B-9-104 was amended on May 3, 2023, after the district court's dismissal of Ogden's rule 60(b) motion. But because the changes do not affect our analysis here, we cite the current version.

¶32 The fact that the PCRA's procedural barriers may prevent Ogden from litigating the merits of his claim does not affect the outcome of our analysis. The PCRA still applies even if the claim is procedurally barred—either because of a failure to raise the issue on direct appeal, *see* UTAH CODE § 78B-9-106(1)(c), or because it was brought more than one year after the claim accrued, *see id.* § 78B-9-107(1). When a rule 60(b) motion "attempt[s] to achieve relief that the PCRA would bar," and thereby "acts as a substitute for a prohibited postconviction petition, we cannot allow its use." *Kell*, 2012 UT 25, ¶ 28.

## CONCLUSION

¶33 A criminal defendant is not entitled to circumvent the PCRA by bringing a rule 60(b)(6) motion when the defendant's claims could have been brought under the PCRA. Because Ogden could have brought his claim of ineffective assistance of counsel under the PCRA, he cannot seek relief under rule 60(b)(6). Accordingly, we affirm the district court's denial of Ogden's rule 60(b)(6) motion.

————————